# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ELLIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF KERN, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-00436-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br> (ECF No. 7)<br><br>**FOURTEEN-DAY DEADLINE** |

　　　Plaintiff Charles Ellis ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint was screened, and Plaintiff was granted leave to amend.  Plaintiff's first amended complaint, filed on May 2, 2022, is currently before the Court.  (ECF No. 7.)

　　　**I.**　　**Screening Requirement and Standard**

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

　　　A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.   Allegations**

Plaintiff is currently housed at Lerdo Justice Facility ("Lerdo") in Bakersfield, California.  The events in the amended complaint are alleged to have occurred while Plaintiff was a pretrial detainee housed at Lerdo.  Plaintiff names the following defendants: (1) Deputy Gifford, a Detentions Deputy Sheriff, (2) Alvarez, Bailiff Deputy Sheriff, (3) Boyd, Bailiff Deputy Sheriff, and (4) Lemon, Bailiff Deputy Sheriff.

Plaintiff alleges a Due Process violation. Plaintiff, a pretrial detainee, was housed at Kern County, Lerdo Justice Facility on March 23, 2022.  On that date, Plaintiff was transported to the CRF for court for a scheduled preliminary hearing.  While waiting, Plaintiff was discussing matters with his attorney and unhappy with what Plaintiff's attorney told him.  Plaintiff stood up during court to ask the judge if Plaintiff could receive a *Marsden* hearing.  But before he could say the words, Plaintiff was grabbed and pulled out of court into the hallway.  Deputies began beating Plaintiff and repeatedly hitting him in the head, face, and upper torso.  During the incident, Plaintiff was restrained in full handcuffs, waist chains and shackles.  Plaintiff was in severe pain from being thrown and pushed to the floor and having his right wrist twisted and forcibly bent.  It was extremely swollen.  Plaintiff could not move it.  Plaintiff face was swollen

and bumpy and his head had knots and red scratches from the fall and being beaten. Plaintiff alleges he did not resist or give Deputies Gifford, Alvarez, Boyd and Lemon any reason for the assault.

Plaintiff alleges that inmates are searched prior to entering the Courtroom.  Plaintiff had given no reason for Deputy Gifford to pull down Plaintiff's pants and boxer and put his hand in between Plaintiff's buttocks cheeks.  Plaintiff was still disoriented from the beating and was fully restrained. While putting this hand in Plaintiff bare buttocks, Deputy Gifford stated, "hiding anything?"  This conduct violated Kern County Sheriff Office's policies, both for use of force and invasive searches.

Deputies Gifford, Boyd, Alvarez and Lemon pulled Plaintiff off the ground, put him in a wheelchair and rolled him to the "tank" holding facility in the basement.  Plaintiff repeatedly asked if he could see a nurse, but they just told him to "shut up."  Medical care was denied and he feared for his personal wellbeing.

Plaintiff was later put on the bus and transported back to the Lerdo Justice facility. Plaintiff was fearful, paranoid and traumatized that Plaintiff tried to commit suicide that same night.  Plaintiff thought the officers would pass the word around about what happened and he would be harmed again.  Plaintiff tried to commit suicide by mixing Comet with blue disinfectant cleaner and shaving cream.  He also cut his left wrist with a razor blade.  Plaintiff was discovered and pulled out of his cell and taken by ambulance to Kern Medical Facility and then to another hospital.  X-rays were taken and he was given morphine and a "serious procedure" was conducted to check for damage to his intestines.  He was in the hospital for 3-4 days.  When Plaintiff was returned to Lerdo, he was placed in the infirmary for suicide watch.

While there, Plaintiff completed a formal complaint about the incident by Defendant Gifford and forwarded it to appropriate deputies.  The same day as he complained, Sr. Deputy Martin and Sr. Deputy Hernandez conducted a recorded interview about only the sexual abuse allegation against Deputy Gifford.  P.R.E.A staff interviewed Plaintiff after Plaintiff was released from the infirmary.  Plaintiff was placed in Ad-seg and was not given a reason for the change in his housing assignment.  Plaintiff alleges that the conduct violated a consent decree which

addressed systematic violations by defendant and senior sheriff staff.

Plaintiff seeks monetary damages and other damages and seeks injunctive relief to "right the wrong."

**III.     Discussion**

   **A.  Due Process - Excessive Force**

Since Plaintiff was a pretrial detainee at the time of the incident, Plaintiff Constitutional questions regarding the conditions and circumstances of Plaintiff's confinement are properly raised under the Due Process Clause of the Fourteenth Amendment. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 77 (1983); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). The due process rights of pretrial detainees are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *Revere*, 463 U.S. at 244. Thus, while the Eighth Amendment provides a minimum standard of care for detainees, plaintiff's rights while detained in custody are determined under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's protection against cruel and unusual punishment. *Gibson v. County of Washoe*, 290 F.3d 1175, 1197 (2001) (overruled on other grounds by *Castro v. County of Los Angeles*, 833 F.3d 1060 (2016)).

The Constitution does not prohibit the use of reasonable force by officers. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir.2006). Whether force used was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The proper inquiry balances the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Graham*, 490 U.S. at 396 (citations omitted).

4

Liberally construing the allegations in the first amended complaint, Plaintiff states a cognizable claims against Defendants Gifford, Alvarez, Boyd and Lemon for excessive force.

### B. Due Process - Sexual Assault

The Constitution's substantive due process protections prohibit arbitrary government action so egregious as to "shock the conscience." *County of Sacramento v. Lewis*, 5223 U.S. 833, 846 (1998). To determine whether conduct meets this standard, courts consider "whether the officers had the opportunity for actual deliberation." *Porter v. Osborn*, 546 F.3d 1131, 1138 (9th Cir. 2008). Actions taken after the opportunity for deliberation may "shock the conscience," whereas "snap judgments" made in the heat of the moment meet this standard only if the officer "acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). Substantive due process jurisprudence permits prison officials to subject pretrial detainees to strip searches and body cavity searches only if they are conducted in a "reasonable manner, avoiding needless intrusions on inmates' privacy." *Bell*, 441 U.S. at 576. Whether conduct during a search is unreasonable depends heavily on the factual circumstances of each case. Cf. *Smith v. Los Angeles County*, No. CV 07–7028–VAP (MAN), 2010 WL 2569232, *5 (C.D. Cal. Apr. 22, 2010), report and recommendation adopted, 2010 WL 2572570 (C.D. Cal. June 19, 2010), aff'd, 452 F. App'x 768 (9th Cir. Oct. 6, 2011) (no Fourteenth Amendment due process claim where prison official, without sexual comment, pulled plaintiff's boxers down, inserted his hand into "the cavity of [plaintiff's] buttocks" and "cupped" plaintiff's genitals during a search); *Houston v. Buck*, No. CIV S 03–1625-FCD-JFM-P, 2005 WL 1378964, *3 (E.D. Cal. 2005), report and recommendation adopted, 2005 WL 1561530 (E.D. Cal. June 29, 2005) (triable issue as to Eighth Amendment violation where plaintiff alleged that guard said "let me feel on you" before conducting a pat-down search during which he squeezed parts of plaintiff's body).

"In a case ... where the allegation is that a guard's conduct began as an invasive procedure that served a legitimate penological purpose, the prisoner must show that the guard's conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." *Bearchild v. Cobban*, 947 F.3d 1130, 1145(9th Cir.

2020).

Plaintiff has not stated a cognizable claim for sexual assault. Plaintiff has not alleged that there was any sexual connotation during the contact. It appears that contact occurred during the use of force incident. Plaintiff alleges that inmates are searched before entering the courtroom impliedly arguing that there was no need to search Plaintiff again. That is not the constitutional standard. There are no allegations of sexual comment, and the officer asked if Plaintiff "hiding anything" during the contact. Plaintiff was given the applicable pleading standards and has been unable to cure this deficiency.

### C. Due Process– Medical Care

Claims of inadequate medical care "brought by pretrial [or civil] detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under this standard, plaintiff must allege facts from which to infer: (1) "[t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;" (2) "[t]hose conditions put the plaintiff at substantial risk of suffering serious harm;" (3) the defendant's conduct was objectively unreasonable ...; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." *Id.* (citing *Castro v. Cnty. of Los Angeles,* 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). The "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (citations omitted). Thus, to adequately plead objective deliberate indifference, plaintiff must plead facts from which to infer that a defendant acted with "something akin to reckless disregard" for his health. Id.

Following the use of force incident at the Courthouse, Plaintiff claims he had visible and apparent injuries. Plaintiff alleges each of the Defendants escorted him to the tank in the basement in a wheelchair due to his injuries and he asked to see a nurse. Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim against Defendants Gifford, Alvarez, Boyd and Lemon for denial of medical care.

### D. Housing

To the extent Plaintiff attempts to assert a claim for his assignment to Ad-seg, he fails to state a claim.

In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.); *accord King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021).

### E. Processing of Appeals

To the extent Plaintiff is complaining about the appeal process, Plaintiff is informed that he does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *See also Givens v. Cal. Dep't of Corrs. & Rehab*., No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. *See Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); *Givens*, 2019 WL 1438068, at *4; *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).

### F. Failure to Investigate

To the extent Plaintiff alleges that any Defendants failed to investigate Plaintiff's appeal regarding the alleged excessive force and sexual assault, that is not a basis for a plausible due

process claim. *Baker v. Beam*, 2019 WL 1455321, at *6 (E.D. Cal. 2019). To the degree Plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

### G. Jail Policies

The complaint is unclear, but Plaintiff may be attempting to bring claims for violation of jail policies. However, Section 1983 only provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996)); *see Davis v. Kissinger*, No. CIV S-04-0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)). Thus, the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and/or the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under § 1983.

### H. Consent Decree

Plaintiff refers to a violation of an unnamed consent decree by Defendants' conduct. Plaintiff cannot seek relief here based on violations of injunctions, settlements, remedial plans, or other court orders provided in any of the class actions. A claim for a violation of those orders

requires enforcement in the court that issued the order. *See Hook v State of Ariz, Dept. of Corrections*, 972 F.2d 1012, 1014 (9th Cir. 1992). Plaintiff cannot seek any enforcement or modification of these court orders. Further, enforcement of consent decrees is governed by the established contract principle that non-parties, as intended third party beneficiaries, may enforce an agreement. *Id*. Contract enforcement claims do not raise constitutional questions.

### I. Injunctive Relief

Plaintiff seeks injunctive relief in this action to "right the wrong."

Federal courts are courts of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc*., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

In addition, requests for prospective relief are further limited by 18 U.S.C. §3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.,* 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

### IV. Conclusion

Based on the above, the Court finds that Plaintiff's first amended complaint states the

following cognizable claims: (1) excessive force by Deputy Gifford (Detentions Deputy Sheriff), Deputy Alvarez (Bailiff Deputy Sheriff), Boyd (Bailiff Deputy Sheriff), and Lemon (Bailiff Deputy Sheriff) for the incident on March 23, 2022 in violation of the Fourteenth Amendment, and (2) denial of medical care by Deputy Gifford (Detentions Deputy Sheriff), Deputy Alvarez (Bailiff Deputy Sheriff), Boyd (Bailiff Deputy Sheriff), and Lemon (Bailiff Deputy Sheriff) for the incident on March 23, 2022.

Plaintiff fails to state any other cognizable claims. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

FURTHER, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on May 2, 2022, on the following cognizable claims: (1) excessive force by Deputy Gifford (Detentions Deputy Sheriff), Deputy Alvarez (Bailiff Deputy Sheriff), Boyd (Bailiff Deputy Sheriff), and Lemon (Bailiff Deputy Sheriff) for the incident on March 23, 2022 in violation of the Fourteenth Amendment, and (2) denial of medical care by Deputy Gifford (Detentions Deputy Sheriff), Deputy Alvarez (Bailiff Deputy Sheriff), Boyd (Bailiff Deputy Sheriff), and Lemon (Bailiff Deputy Sheriff) for the incident on March 23, 2022; and

2. All other claims be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified

10

time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| Dated: | **May 4, 2022** | /s/ *Barbara A. McAuliffe* |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |