UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ELLIS,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF KERN, et al.,<br><br>  Defendants. | No. 1:22-cv-00436-ADA-BAM (PC)<br><br>ORDER ADOPTING, IN PART, FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 9) |

Plaintiff Charles Ellis is a county jail inmate proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 4, 2022, the Magistrate Judge screened Plaintiff's first amended complaint and found that Plaintiff had stated the following cognizable claims: (1) excessive force in violation of the Fourteenth Amendment and (2) denial of medical care in violation of the Fourteenth Amendment by Deputy Gifford, Deputy Alvarez, Boyd, and Lemon for the incident on March 23, 2022. (ECF No. 9.)  The Magistrate Judge recommended that the Court dismiss all other claims and defendants from this action based on Plaintiff's failure to state cognizable claims.  (*Id.*)  Plaintiff filed timely objections on May 19, 2022.  (ECF No. 10.)  In his objections, Plaintiff objects to the Magistrate Judge's recommendation to dismiss, with prejudice, Plaintiff's claim for sexual abuse in violation of the Fourteenth Amendment.  (*Id.*)  The objections go on to explain

how the facts surrounding Plaintiff's March 23, 2022, body cavity search were so grievous as to "shock the conscience." (*Id.* at 1.)  Specifically, Plaintiff claims that, contrary to what happened to him, unclothed body searches at the county jail take place only in the presence of medical personnel and that officers are never permitted to place their hands on an inmate's intimate body parts.  (*Id.* at 2.)  He contends that Defendants were familiar with these rules, and their decision to disregard them evidenced an intent to shame or harm Plaintiff.  (*Id.* at 4.)  Moreover, the timing and location of the search made it particularly unreasonable.  Deputy Gifford conducted the search while the other Defendants continued to hit Plaintiff.  (*Id.*)  The incident also occurred in a public area – a hallway outside a courtroom – not in a cell or detention facility.  (*Id.*)  Finally, Plaintiff argues that Defendants had no reason to believe that he had any contraband or weapons on his person because they had searched him shortly before the incident.  (*Id.*)  These facts are consistent with what Plaintiff alleges in his first amended complaint.  (ECF No. 7 at 4–5.)

The Court agrees with the Magistrate Judge that these allegations fail to state a claim for sexual abuse in violation of the Fourteenth Amendment.  It does not agree, however, that dismissal with prejudice is warranted at this time.  While Plaintiff may not be able to state a Fourteenth Amendment sexual assault claim, the Court finds that Plaintiff would be able to state a Fourth Amendment unreasonable search claim.  Both pretrial detainees and convicted prisoners retain rights under the Fourth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 558 (1979).  In assessing the reasonableness of a search in a detention context, "[c]ourts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."  *Id.* at 559; *Bull v. City and Cnty. of S.F.*, 595 F.3d 964, 972 (9th Cir. 2010).  Additionally, courts should defer to "the informed discretion of corrections officials" by considering whether a particular search policy is "reasonably related to legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89–90 (1987); *see also Michenfelder v. Sumner*, 860 F.2d 328, 334 (9th Cir. 1988).

Plaintiff has alleged a particularly significant intrusion – a physical body cavity search – that occurred while multiple officers beat him in a public space.  *See United States v. Fowlkes*, 804 F.3d 954, 961 (9th Cir. 2015) ("[S]earches that require intrusion into a person's body

2

1  implicate greater constitutional concerns."). Moreover, Plaintiff claims that there was no reason
2  for any search, much less a search as invasive as the one he endured, because Defendants had
3  already searched him just moments before. Because of this, Defendant Gifford could not have
4  justified the search based on any legitimate penological interests. These facts are more than
5  sufficient to make out a Fourth Amendment claim.

6  While the Court can construe sufficient facts to make out a Fourth Amendment claim,
7  however, the first amended complaint nowhere mentions the Fourth Amendment. Because this
8  omission may merely be the product of a pro se litigant's inartful pleading, the Court finds it
9  appropriate to provide Plaintiff an opportunity to file an amended complaint to address this issue.
10 If Plaintiff intends to bring a Fourth Amendment claim, he must indicate as such in an amended
11 complaint so that his allegations provide fair notice to Defendants. Additionally, if Plaintiff files
12 an amended complaint, he must indicate which of the Defendants he claims violated the Fourth
13 Amendment. Alternatively, if Plaintiff does not wish to pursue a Fourth Amendment claim, he
14 may file notice with the Court of his intent to proceed only on the Fourteenth Amendment claims
15 for excessive force and denial of medical care that the Magistrate Judge recognized in the
16 findings and recommendations.

17 Accordingly,

18  1. The findings and recommendations issued on May 4, 2022, (ECF No. 9), are
19     adopted in part;
20  2. Plaintiff has stated cognizable claims against Defendants Gifford, Alvarez, Boyd,
21     and Lemon for excessive force and denial of medical care in violation of the
22     Fourteenth Amendment for the incident on March 23, 2022;
23  3. Plaintiff has not stated any other cognizable claims, though the Court construes a
24     possible Fourth Amendment claim that Plaintiff has not explicitly identified;
25 ///
26 ///
27 ///
28 ///

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    a. File an amended complaint indicating whether he intends to bring a Fourth Amendment claim and the Defendants against whom he intends to bring that claim; or

    b. File a notice of intent to proceed on only the Fourteenth Amendment excessive force and denial of medical care claims that the Magistrate Judge identified in the findings and recommendations.

5. The Clerk's Office shall send Plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   September 18, 2023

UNITED STATES DISTRICT JUDGE